UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY FOLLER MINTON,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-366

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE COMMISSIONER'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (DOC. 7) BE GRANTED ON THE MERITS; (2) ALTERNATIVELY, THIS CASE BE DISMISSED FOR PRO SE PLAINTIFF'S FAILURE TO PROSECUTE; (3) PRO SE PLAINTIFF'S REQUEST FOR A SENTENCE SIX REMAND (DOC. 6) BE DENIED; AND (4) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the Court on a Fed. R. Civ. P. 12(b)(6) motion to dismiss -- or, alternatively, motion for summary judgment -- filed by the Commissioner, contending that *pro se* Plaintiff failed to timely file this appeal. Doc. 7.[2] Plaintiff has not filed any response to the Commissioner's motion, and the time for doing so has expired. Accordingly, the motion remains unopposed. The Court ordered Plaintiff to show

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Also before the Court is a motion filed by *pro se* Plaintiff for leave to submit medical records. Doc. 6. In the motion -- filed prior to both the Commissioner's motion and the Court's Show Cause Order -- *pro se* Plaintiff presents neither argument nor evidence as to why his complaint should be deemed timely filed. *See id.* To the extent *pro se* Plaintiff's motion can be construed as an implicit request for a Sentence Six remand under 42 U.S.C. § 405(g), the undersigned recommends that such request be **DENIED** because his complaint was not timely filed, *see infra*; and, moreover, Plaintiff does not establish any of the required elements for a remand under Sentence Six. *See Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013) (citation omitted) (holding "[t]o obtain a [S]entence-[S]ix remand, a claimant has the burden to establish that there is (1) new evidence; (2) which is material; and (3) that there is good cause for the failure to submit it to the ALJ").

cause as to why the Commissioner's unopposed motion should not be granted, and he failed to respond as ordered. Doc. 11. The Court has carefully considered all of the documents before it, and the Commissioner's unopposed motion is now ripe for decision.

## I.

Because the Commissioner's motion relies upon matters outside the pleadings, *see* docs. 7-1, 7-2, 7-3, the Court construes it as a motion for summary judgment. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id*. (citation omitted).

## II.

The uncontroverted evidence submitted by the Commissioner shows that *pro se* Plaintiff filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

alleging a disability onset date of February 1, 2008. Doc. 7-2 at PageID 101. After initial denials of his applications, Plaintiff received a hearing before Administrative Law Judge ("ALJ") Elizabeth A. Motta, who issued a written decision on November 21, 2014 -- finding Plaintiff disabled as of June 22, 2012, but not disabled at any time before that date. *Id.* at PageID 101-11. The Appeals Council denied Plaintiff's request for review on May 21, 2015. Doc. 7-3 at PageID 112-15. On October 8, 2015, Plaintiff initiated this case *pro se*, seeking review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Doc. 1.

### III.

The Commissioner contends that summary judgment is appropriate because *pro se* Plaintiff's complaint was not timely filed. Doc. 7. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

The regulations define "mailing" as the date the individual receives the Appeals Council's notice of denial of a request for review. *See* 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 422.210(c); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435-36 (6th Cir. 2007).

The sixty day time limit for seeking judicial review of an adverse determination by an ALJ -- as set forth in § 405(g) -- is not a jurisdictional bar but, rather, a statute of limitations subject to equitable tolling. *Cook*, 480 F.3d at 435. The statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to

move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts strictly construe the statute of limitations in Social Security appeals. *See, e.g.*, *Cook*, 480 F.3d 432 (affirming the dismissal of a complaint filed one day late); *see also Amadasu v. Comm'r of Soc. Sec.*, No. 06–cv–584, 2009 WL 1542772 (S.D. Ohio May 28, 2009) (dismissing complaint filed three days late). This is true even when the plaintiff is proceeding *pro se* and without the assistance of counsel. *See McCane v. Comm'r of Soc. Sec.*, No. 2:12-cv-67, 2012 WL 4088649 (S.D. Ohio Sept. 17, 2012) (dismissing *pro se* plaintiff's complaint for failure to comply with § 405(g)'s filing deadline) *Report and Recommendation adopted* 2012 WL 4920798 (S.D. Ohio Oct. 16, 2012).

Here, Plaintiff presumptively received the Appeal's Council May 21, 2015 notice on May 26, 2015. Doc. 7-3 at PageID 112-15; 20 C.F.R. §§ 404.901, 422.210(c). Accordingly, in order to satisfy the sixty day time limit, Plaintiff was required to seek judicial review no later than July 27, 2015. Plaintiff did not do so until October 8, 2015, however. Doc. 1. Plaintiff's complaint, filed seventy-three days beyond the sixty day deadline is, therefore, untimely.

When a complaint is filed after the statute of limitations has expired, a plaintiff can avoid dismissal "only if he [or she] establishes exceptional circumstances warranting equitable tolling, a point on which [the plaintiff] bears the burden." *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). The Sixth Circuit has set forth the following list of factors for courts to consider when deciding whether equitable tolling applies:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437.

Plaintiff has not responded at all to the Commissioner's motion and, thus, has failed to demonstrate that he is entitled to equitable tolling of the deadline for filing his complaint. Plaintiff had actual notice of the filing deadline by virtue of the May 21, 2015 letter sent by the Appeals Council instructing him that he had "60 days to file a civil action (ask for court review)." Doc. 7-3 at PageID 114; *see Morris v. Comm'r of Soc. Sec.*, No. 1:15-cv-66, 2015 WL 5167634, at *3 (S.D. Ohio Sept. 3, 2015) *Report and Recommendation adopted* 2015 WL 6126838 (S.D. Ohio Oct. 16, 2015). Second, Plaintiff's failure to respond to either the Commissioner's motion for summary judgment or the Court's Show Cause Order evidences a lack of diligence in pursuing his rights. *See Morris*, 2015 WL 5167634, at *3. Third, because Plaintiff offers no explanation for the lateness of his filing, the Court cannot conclude that it was reasonable for him to remain ignorant of the deadline. Finally, although Plaintiff's delay in filing is unlikely to have prejudiced the Commissioner, "there are millions of applicants for Social Security benefits each year, and . . . the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437.

Accordingly, because Plaintiff's complaint was untimely and equitable tolling is inapplicable, it is **RECOMMENDED** that the Commissioner's unopposed motion for summary judgment be **GRANTED**.

**IV.**

In the alternative to all of the foregoing, the undersigned also finds that Plaintiff -- by failing to oppose the Commissioner's motion for summary judgment, and by failing to respond to the Court's Order to Show Cause -- has failed to prosecute this action. Plaintiff's failure to respond to the Commissioner's motion and/or the Court's Order to Show Cause justifies dismissal of this case for his lack of prosecution. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31

(1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991). Although Plaintiff is proceeding *pro se* in this case, the Court is mindful that "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Accordingly, the undersigned finds that dismissal is warranted on lack-of-prosecution grounds.

**V.**

For the reasons set forth above, the Court **RECOMMENDS THAT**: (1) the Commissioner's motion for summary judgment (doc. 7) be **GRANTED** on the merits; (2) alternatively, this case be dismissed for *pro se* Plaintiff's failure to prosecute; (3) *pro se* Plaintiff's implicit request for a Sentence Six remand (doc. 6) be **DENIED**; and (4) this case be **TERMINATED** on the Court's docket. The Clerk is **ORDERED** to mail a copy of this Report and Recommendation to Plaintiff at his address of record.


Date:  May 3, 2016                              *s/ Michael J. Newman*
                                                Michael J. Newman
                                                United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).